UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LENNOX L. ROPER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:02-cv-501 |
| ) | 3:98-cr-058 |
| ) | *Jarvis* |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Lennox L. Roper ("Roper"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside Roper's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Roper "must show a 'fundamental defect which inherently results in a complete miscarriage of

justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Roper is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Roper was convicted by a jury of conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A), and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to concurrent terms of imprisonment of 256 months on each conviction; the sentence included a three-level enhancement based upon Roper's role in the offense. The judgment was affirmed on direct appeal. *United States v. Roper*, 266 F.3d 526 (6th Cir. 2001).

In support of his § 2255 motion to vacate sentence, Roper alleges the following: (1) the wrong version of the sentencing guidelines was used to compute his sentence, (2) he was erroneously assessed two points for being on parole at the time of the offense, (3) his base offense level was erroneously enhanced two levels based upon a firearm found away from the scene of the offense, (4) tape recordings used to convict him were illegally obtained and should have been suppressed, (5) he should not have been sentenced as an organizer or leader of the conspiracy, and (6) he received ineffective assistance of counsel. In an amendment to the § 2255 motion, Roper seeks relief pursuant to the Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

III.  Discussion

*A. The computation of Roper's sentence*

Roper first claims that the 1998 version of the Sentencing Guidelines were wrongly used to compute his sentence, in violation of the *ex post facto* clause of the Constitution, since the presentence investigation indicated the conspiracy took place between February 1995 and November 1997. According to Roper, the 1994 version of the guidelines should have been used. This claim lacks merit. The conspiracy with which Roper was charged and convicted did not end until his arrest on May 2, 1998. [Criminal Action No. 3:98-cr-58, Court File No. 91, Superseding Indictment, p. 1, Count One]. Accordingly, he was properly sentenced under the 1998 version of the guidelines.

Roper next alleges that two points were erroneously added to his criminal history for committing the offense while on parole, when he was not in fact on parole at the time. This allegation likewise lacks merit. Roper was on parole supervision for a previous conviction until October 1995; the conspiracy began in February 1995. Two points were thus properly added to his criminal history.

Roper claims he received an improper enhancement of two points based upon his possession of a firearm in connection with the drug offense. At sentencing, however, the government agreed not to pursue the two-level enhancement in return for Roper withdrawing his objection to the drug quantity, and the court did not apply the two-level enhancement. *United States v. Roper*, 266 F.3d 526, 529-30 (6th Cir. 2001).

Roper also alleges he erroneously received an enhanced sentence as a leader o organizer of the conspiracy. The government sought a four-level enhancement based upon Roper's role in the offense. At sentencing, the court determined as follows:

> Well, I think there was an extensive -- I think the proof shows that there was an extensive, long-standing conspiracy here, and that Mr. Roper was very much involved, involved with at least five different people. He did manage and supervise the operation from time to time, I think more than just a minimal supervisor or a marginal supervisor. I think he was an active supervisor of the operation, such as would warrant the three-point role level, resulting in a sentencing level of two hundred and sixty-two to three hundred and twenty-seven months.

[Criminal Action No. 3:99-cr-58, Court File No. 213, Sentencing Transcript, p. 33]. Roper has given the court no reason to alter that determination.

Based upon the foregoing, the court finds no error in the computation of Roper's sentence. Accordingly, his claims to the contrary lack merit.

4
Case 3:98-cr-00058-TAV-CCS   Document 237   Filed 07/25/06   Page 4 of 10   PageID #: 4

*B. Use of tape recordings*

Roper alleges that several tape recordings of controlled buys, used against him at trial, were obtained in violation of 18 U.S.C. § 2510 and therefore should have been suppressed. The tape recordings used as evidence in Roper's trial, however, were not obtained through the interception of communications as contemplated by § 2510. They were instead obtained through the use of a government informant who was recording his conversations with Roper and thus were lawful under 18 U.S.C. § 2511(2)(c). *See also United States v. White*, 401 U.S. 745, 751-53 (1971) (recordings by informants do not violate the defendant's Fourth Amendment rights). Therefore, this claim lacks merit.

*C. Assistance of counsel*

Roper alleges several instances of ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

5

Roper must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Roper first claims that his attorney did not conduct any pretrial investigation and thus failed to file appropriate motions. Roper's attorney did, in fact, file several motions, including: a motion to adopt the motions filed by all co-defendants; a motion for a bill of particulars; a motion for a pretrial hearing to determine the admissibility of co-defendants' statements; a motion for disclosure of Roper's other crimes, wrongs, or acts; and a motion to compel disclosure of promises of immunity, leniency or preferred treatment for government witnesses. [Criminal Action No. 3:98-cr-58, Court File Nos. 54, 55, 57, 59, & 61, respectively].

Roper next alleges that his attorney failed to file a motion to suppress the illegal electronic surveillance evidence and failed to move for speedy trial relief. As noted in section B. of this opinion, the tape recordings were properly admitted into evidence and thus any motion to suppress the evidence would have been frivolous. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990).

With respect to Roper's claim that his attorney should have moved for a speedy trial, Roper himself moved for a continuance in order to retain counsel, rather than use court-appointed counsel. [Criminal Action No. 3:98-cr-58, Court File No. 44, Courtroom Minutes on June 15, 1998]. In addition, there was a delay based upon the co-defendants filing a motion to suppress the testimony of cooperating witnesses and the court's denial of that motion based upon an intervening Sixth Circuit decision. At the time the court denied the motion to suppress, the court also continued the trial date in order to allow the attorneys adequate time for trial preparation. Under these circumstances, there was no basis for Roper's attorney to have filed a motion for speedy trial.

Roper also claims his attorney failed to file a motion to quash the indictment as being duplicitous and multiplicitous. The indictment, however, was neither duplicitous nor multiplicitous, and thus there was no basis for counsel to have filed a motion to quash the indictment.

Roper alleges his attorney should have filed a motion for severance; Roper does not, however, state any basis for a severance. "'[T]he general rule in conspiracy cases is that persons jointly indicted should be tried together and that this is particularly true where the offenses charged may be established against all of the defendants by the same evidence and which result from the same series of acts.'" *United States v. Hessling*, 845 F.2d 617, 619 (6th Cir. 1988) (quoting *United States v. Dye*, 508 F.2d 1226 (6th Cir. 1974)).

> A showing that a defendant would have a better chance of acquittal in a separate trial does not establish prejudice requiring severance. To show enough prejudice to require severance, a defendant must establish "substantial prejudice," "undue prejudice," or "compelling prejudice."

7

> Generally, persons indicted together should be tried together. Where the same evidence is admissible against all defendants, a severance should not be granted. However, severance is not required if some evidence is admissible against some defendants and not others. A defendant is not entitled to severance because the proof is greater against a co-defendant. Nor is a defendant entitled to a severance because a co-defendant has a criminal record.
>
> Hostility among defendants or the attempt of one defendant to save himself by inculpating another does not require that defendants be tried separately. Neither does a difference in trial strategies mandate separate trials. The burden is on defendants to show that an antagonistic defense would present a conflict "so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty."

*United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting *United States v. Davis*, 623 F.2d 188, 194-95 (1st Cir. 1980)) (citations omitted). There being no basis for a severance, Roper's attorney did not render ineffective assistance of counsel by failing to move for a severance.

Roper claims his attorney failed to conduct a pretrial investigation that would have revealed exculpatory evidence. He does not, however, state what exculpatory evidence would have been revealed. A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Roper further alleges his attorney should have challenged the sentence enhancement that was based upon Roper being on parole at the time of the offense. As noted in section

A. of this opinion, the sentence enhancement was proper. Thus, there was no basis upon which his attorney could have challenged the enhancement.

Roper finally claims that his attorney failed to discuss the presentence report with him and failed to explain the application of the sentencing guidelines. At the beginning of the sentencing hearing, however, the court specifically asked Roper whether he and his attorney had reviewed the presentence report and Roper stated that they had. [Criminal Action No. 3:99-cr-58, Court File No. 213, Sentencing Transcript, p. 4]. Roper is bound by his statement. Based upon the foregoing, Roper has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

### D. Blakely v. Washington

In an amendment to his § 2255 motion, Roper claims his three-level enhancement for being an organizer should be set aside pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004); he also claims that the waiver of his right to challenge the drug quantity attributed to him is no longer valid in light of *Blakely*. At this time, however, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Roper's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004).

> No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review. For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive.

*Id*. at 1290 (citation omitted).

In addition, any claim Roper may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

IV.     Conclusion

Roper is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis<br>United States District Judge

Case 3:98-cr-00058-TAV-CCS   Document 237   Filed 07/25/06   Page 10 of 10   PageID #: 10